IN THE UNITED STATES COURT
IN AND FOR THE DISTRICT OF NEW MEXICO

MINNIE TAYLOR, Individually and
As Personal Representative of the ESTATE
Of LOUIE TAYLOR, and HAROLD
CUTHAIR,

                Plaintiffs,

v.                                                No.:    1:21-CV-00613 GJF/JFR

THE UNITED STATES OF AMERICA,

                Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on October 14, 2021 at 1:30 pm and was attended by:

Forrest G. Buffington for Plaintiffs

Christine H. Lyman, Assistant US Attorney for Defendant, United States of America

## NATURE OF THE CASE

This is a jail death case. This case arises under the Federal Tort Claims Act in which Plaintiffs seek to recover wrongful death and consortium damages resulting from incarceration and failure to provide medical care and access to medical treatment while Louie Taylor was an inmate or detainee of the Navajo Nation (Shiprock) Correctional Facility, which was operating under a PL 93-638 contract and whose employees are deemed employees of the federal government pursuant to the FTCA.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:        None at this time.

Plaintiff(s) should be allowed until December 15, 2021 to move to amend the pleadings and until December 15, 2021 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file:     None at this time.

Defendants(s) should be allowed until January 17, 2022 to move to amend the pleadings and until January 17, 2022 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District, and the Court has personal jurisdiction.

The parties are willing to further stipulate to the following facts:  The Shiprock Jail was at the relevant time period operated under a P.L. 93-638 contract.

The parties further stipulate and agree that the law governing this case is:  New Mexico substantive law, subject to substantive law of the Federal Tort Claims Act, and Federal procedural law.

## PLAINTIFFS' CONTENTIONS:

Plaintiffs' decedent was negligently screened and otherwise negligently deprived of medical care for a methamphetamine overdose at the Shiprock, Navajo Nation, Detention Facility, and died as a result.

## DEFENDANT'S CONTENTIONS

Defendant generally denies Plaintiffs' allegations. The conduct of the decedent proximately caused the damages alleged herein, not a negligent act or omission of an employee of the United States acting within the scope and course of employment. The United States is entitled to have its liability for damages, if any, reduced according to New Mexico law of

comparative fault pursuant to N.M.S.A. 1978 § 41-3A-1. The United States and its agents, employees, and representatives exercised due care and diligence at all times and in all matters alleged in the Complaint, and no act or failure to act by the United States or its personnel was the proximate cause of the alleged damages or loss claimed by Plaintiffs. Plaintiffs' negligent training, administration and supervision claim (Count II) is subject to dismissal because it falls within the discretionary function exception to the FTCA. Plaintiffs' recovery, if any, is limited to the amount of damages listed in a timely administrative claim presented to the Department of Interior, and their claim is limited to the circumstances and events provided in the same.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

## **PLAINTIFFS**

*Witnesses*

Minnie Taylor, Individually and as Personal Representative for the Estate of Louie Taylor
PO Box 1821
Shiprock, NM 87420

Minnie Taylor is expected to testify as to the underlying incident, her communication to the Navajo Nation police and the detention facility Louie was taken, her notification of Louie's arrest and death, her mental health treatment as a result of the underlying incident, her damages and her relationship with her late son, Louie.

Harold Cuthair
PO Box 15
Towac, CO 81334

Harold Cuthair is expected to testify as to his relationship with his late son, Louie, his knowledge of the underlying incident, and his damages.

Satish Chundru, DO, Forensic Pathologist
c/o UNM School of Medicine
Office of the Medical Investigator
MSC07 4040
1 University of New Mexico

Dr. Chundru is expected to testify as to her performance of autopsy on Louie Taylor, his cause of death, and the toxicology results.

Ciara Hansen, PhD
c/o Northern Navajo Medical Center
PO Box 160
Shiprock, NM 87420

Dr. Hansen is expected to testify as to her mental health treatment of Minnie Taylor following the death of Louie Taylor.

*Exhibits*

The Plaintiffs expect to use the following documents as exhibits in this matter:

- Autopsy with toxicology results
- Northern Navajo Medical Center - medical records of Minnie Taylor
- *Silver v. Pahe,* WR-CV-235-92
- P.L. 93-638
- Tort Claim Notices – Harold Cuthair and Minnie Taylor
- Order Appointing Personal Representative

*Expert Witnesses*

Plaintiffs have not yet retained expert witnesses. Identified non-retained witnesses are set forth below:

Satish Chundru, DO, Forensic Pathologist
c/o UNM School of Medicine
Office of the Medical Investigator
MSC07 4040
1 University of New Mexico

Dr. Chundru is expected to testify as to her performance of autopsy on Louie Taylor, his cause of death, and the toxicology results.

Ciara Hansen, PhD
c/o Northern Navajo Medical Center
PO Box 160
Shiprock, NM 87420

Dr. Hansen is expected to testify as to her mental health treatment of Minnie Taylor following the death of Louie Taylor.

**DEFENDANT**

*Witnesses*

1. Francis Yazzie III, Sergeant
   Navajo Police Department
   Shiprock Police District
   PO Box 3849
   Shiprock, New Mexico 87420
   (505) 368-1356

Sergeant Yazzie was dispatched to the Taylor residence and communicated with the police officer (Officer Murdock) who detained Louie Taylor at the hospital. Sergeant Yazzie is expected to testify regarding what he witnessed and his interactions with Minnie Taylor and Ms. Murdock.

2. Danielle Murdock, Police Officer
   Navajo Police Department
   Shiprock Police District
   PO Box 3849
   Shiprock, New Mexico 87420
   (505) 368-1356

Officer Murdock detained and arrested Louie Taylor and communicated with Sergeant Yazzie about Louie Taylor. She also transported and transferred custody of Louie Taylor to the Shiprock Detention Center staff. She later responded to the scene when Louie Taylor was found unresponsive in his cell and drove the ambulance to the hospital. Officer Murdock is expected to testify regarding what she witnessed and her interactions with Louie Taylor, Sergeant Yazzie, and Shiprock Detention Center staff.

3. Derrick Drake, Police Officer
   Navajo Police Department
   Shiprock Police District
   PO Box 3849
   Shiprock, New Mexico 87420
   (505) 368-1356

Officer Drake responded to the scene when Louie Taylor was found unresponsive in his cell and assisted with performing CPR. Officer Drake is expected to testify regarding the efforts to revive Louie Taylor.

4. Karletta Tso-Tapahonso, Senior Police Officer
   Navajo Police Department
   Shiprock Police District
   PO Box 3849
   Shiprock, New Mexico 87420
   (505) 368-1356

Officer Tso-Tapahonso responded to the scene when Louie Taylor was found unresponsive in his cell. Officer Tso-Tapahonso is expected to testify regarding the efforts to revive Louie Taylor.

5. Ariel Lauing-Simms, Correction Officer
   Navajo Department of Corrections/Shiprock Facility
   (505) 368-1362

Officer Lauing-Simms completed the intake of Louie Taylor when he was booked into the Shiprock Detention Center, escorted Louie Taylor to an isolation cell and was on duty when he died. Officer Lauing-Simms also assisted with emergency aid to Louie Taylor when he was found unresponsive in his cell. Officer Lauing-Simms is expected to testify regarding what she witnessed and her interactions with Louie Taylor and Shiprock Detention Center staff.

6. Shilo Peshlakai, Correction Officer
   Navajo Department of Corrections/Shiprock Facility
   (505) 368-1362

Officer Peshlakai was on duty when Louie Taylor was booked into the Shiprock Detention Center and escorted him to the isolation cell. Officer Peshlakai found Louie Taylor unresponsive in his cell and provided chest compressions. Officer Peshlakai is expected to testify regarding what he witnessed, his interactions with Louie Taylor and Shiprock Detention Center staff, and the efforts to revive Louie Taylor.

7. Edwin Coehoe, Correction Lieutenant
   Navajo Department of Corrections/Shiprock Facility
   (505) 368-1362

Lieutenant Coehoe was the designated lieutenant at the Shiprock Detention Center at the time of the incident and is expected to testify about policies and procedures at the facility.

8. Tino Yazzie, Correction Sergeant
   Navajo Department of Corrections/Shiprock Facility
   (505) 368-1362

Sergeant Yazzie received a call from Officer Lauing-Simms after Louie Taylor was found unresponsive in his cell and responded to the scene after Louie Taylor had already been taken to the hospital. He is expected to testify about the ensuing investigation and policies and procedures at the Shiprock Detention Center.

9. Wilson Charlie, Criminal Investigator
   Navajo Police Department
   P.O. Box 3869
   Shiprock, NM 87420
   (505) 368-1356

Investigator Charlie participated in a criminal investigation of Louie Taylor's death and is expected to testify about the investigation.

10. Kathleen Honie-Yazzie, Criminal Investigator
    Navajo Police Department
    P.O. Box 3869
    Shiprock, NM 87420
    (505) 368-1356

Investigator Honie-Yazzie participated in a criminal investigation of Louie Taylor's death and is expected to testify about the investigation.

11. Jeanie K. Ringelberg, MD, Emergency Physician
    Northern Navajo Medical Center
    US-491
    Shiprock, NM 87420
    (505) 368-6001

Dr. Ringelberg was the emergency room doctor who treated Louie Taylor after he was found unresponsive in his cell and pronounced him dead. Dr. Ringelberg is expected to testify about what she witnessed and the efforts to revive Louie Taylor.

12. Satish Chundru, DO, Former Forensic Pathologist
    UNM School of Medicine
    Office of the Medical Investigator
    Current address: 12160 W. Parmer Lane, Suites 130-108
    Cedar Park, TX 78613
    (305) 239-8081

Dr. Chundru performed the autopsy of Louie Taylor and authored a Report of Findings. He is expected to testify regarding his observations and the Report of Findings.

13. Donna M. Papsun, MS, Forensic Toxicologist
    NMS Labs
    200 Welsh Road
    Horsham, PA 19044
    (215) 657-4900

Ms. Papsun is identified in the Toxicology Report and is expected to testify about the report.

14. Travis Lebeaux, Assistant Special Agent in Charge, District IV
    BIA Office of Justice Services
    1001 Indian School Rd. NW
    Albuquerque, NM 87104
    (505) 563-3863

ASAC Lebeaux is expected to testify about the Navajo Nation Patrol Services and Detention Programs and the corresponding 638 Contracts, as well as Bureau of Indian Affairs, Office of Justice Services' patrol services and detention policies and procedures.

15. Orlinda Platero, Indian Self-Determination Officer, Awarding Official
    Bureau of Indian Affairs-Navajo Regional Office
    Branch of Indian Self Determination Services
    P.O. Box 1060
    Gallup, New Mexico 87305
    (505) 863-8401

Ms. Platero is expected to testify about administration of the Navajo Nation Law Enforcement 638 Contract.

16. Plaintiff Minnie Taylor, c/o Forest Buffington

17. Plaintiff Harold Cuthair, c/o Forrest Buffington

18. All witnesses identified by Plaintiff, identified in the course of discovery, necessary to authenticate documents, or necessary for rebuttal.

*Exhibits*

1. Plaintiffs' Standard Form 95 and attachments.
2. OMI Report and records.
3. Navajo Department of Corrections, Shiprock Facility records.
4. Navajo Police Department records.
5. Louie Taylor's employment records.
6. Louie Taylor's tax, wage and income records.
7. Louie Taylor's medical records.
8. Louie Taylor's educational records.
9. Any exhibits identified by identified by Plaintiffs, identified in the course of discovery, or necessary for rebuttal.

*Experts*

Defendant will disclose experts and will provide expert reports in accordance with the deadlines set by this Court.

Discovery will be needed on the following subjects:

Value of life of the decedent, value of consortium of decedent, criminal history of the decedent, jail screening and observation policies and practices, death investigation, reports of the decedent's death, related or similar deaths, employee training, cause and manner of death, P.L. 93-638 contract, and jail standards, as well as Defendant's defenses.

Maximum of 25 interrogatories by each party to any other party. (Responses due 45 days after service).

Maximum of 10 requests for admission by each party to any other party. (Response due 45 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s), excluding experts.

Each deposition (other than of parties) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by <u>February 4, 2022</u>

    from Defendant(s) by: <u>March 4, 2022</u>

Supplementation under Rule 26(e) due 14 days after receipt.

All discovery commenced in time to be complete by May 3, 2022.

Other Items:

None.

## **PRETRIAL MOTIONS**

Plaintiff intends to file:    None.

Defendant intends to file:    Defendant has a pending Partial Motion to Dismiss. Other motions addressed to jurisdiction and exhaustion may follow. Defendant will likely file a Motion for Summary Judgment.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 3-4 days.

This is a non-jury case.

The parties request a pretrial conference in June 2022.

## SETTLEMENT

The possibility of settlement in this case is considered (cannot be evaluated prior to April 2022) (may be enhanced by use of the following alternative dispute resolution procedure: Magistrate Mediation). The parties request a settlement conference in April 2022.

## EXCEPTIONS

None.

APPROVED

By: */s/ Forrest G. Buffington*
Forrest G. Buffington
P.O. Box 67350
Albuquerque, NM 87193-7350
505-884-0004
505-884-0077 (Fax)
forrest@barberborg.com
*Attorney for Plaintiff*

*/s/ Christine H. Lyman*
Christine H. Lyman
Assistant US Attorney
District of New Mexico
PO Box 607
Albuquerque, NM 87103
Christine.Lyman@usdoj.gov
*Attorney for Defendant*