**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MINNIE TAYLOR, Individually and as
Personal Representative of the ESTATE OF
LOUIE TAYLOR, and HAROLD CUTHAIR,

       Plaintiffs,

v.                                                   No. 21-cv-00613-GJF-JFR

THE UNITED STATES OF AMERICA,

       Defendant.

## DEFENDANT UNITED STATES OF AMERICA'S ANSWER

Defendant United States of America hereby submits the following Answer to the Complaint (Doc. 1). The United States denies any and all allegations in the Complaint that are not specifically admitted. The United States responds specifically to each numbered paragraph of the Complaint as follows:

## OVERVIEW

1. In response to the allegations contained in paragraph 1 of the Complaint, the United States avers that the Navajo Nation and the Bureau of Indian Affairs have entered into a Public Law 93-638 contract for the operation of detention services, which included the operation of the Shiprock Detention Center at the time of the events alleged in the Complaint. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 1 and therefore denies the same.

## JURISDICTION UNDER THE FEDERAL TORT CLAIMS ACT

2. The allegations contained in Paragraph 2 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States avers that 28 U.S.C. § 1346(b) provides United States Federal District Courts with exclusive jurisdiction

"of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." The United States further denies that any of its employees acted negligently.

3. The allegations contained in Paragraph 3 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

4. In response to the allegations contained in paragraph 4 of the Complaint, the United States avers that the Bureau of Indian Affairs has entered into Indian Self-Determination and Education Assistance Act contracts with the Navajo Nation for Patrol Services and Adult Detention Services. The United States further avers that the contracts speak for themselves.

5. The allegations contained in Paragraph 5 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

6. The allegations contained in Paragraph 6 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

7. The allegations contained in Paragraph 7 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States avers that Pub. L. 101-512, Title III, § 314, Nov. 5, 1990, 104 Stat. 1959, *as amended by* Pub. L. 103-138, Title III, § 308, Nov. 11, 1993, 107 Stat. 1416 ("Section 314"), provides the following:

> With respect to claims resulting from the performance of functions during fiscal year 1991 and thereafter . . . under a contract, grant agreement, or any other agreement or compact authorized by the Indian Self-Determination and Education Assistance Act of 1975 . . . an Indian tribe, tribal organization or Indian contractor is deemed hereafter to be part of the Bureau of Indian Affairs in the Department of the Interior . . . while carrying out any such contract or agreement and its employees are deemed employees of the Bureau . . . while acting within the scope of their employment in carrying out the contract or agreement: Provided, That after September 30, 1990, any civil action or proceeding involving such claims brought hereafter against any tribe, tribal organization, Indian contractor or tribal employee covered by this provision shall be deemed an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act.

The United States further avers that Section 314 speaks for itself.

8. The allegations contained in Paragraph 8 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States refers to paragraph 7 above.

9. In response to the allegations contained in paragraph 9 of the Complaint, the United States avers that the Bureau of Indian Affairs received an SF95 for Minnie Taylor, individually and on behalf of the Estate of Louie Taylor, on or about December 17, 2021. The United States further avers that the SF95 for Minnie Taylor, individually and on behalf of the Estate of Louie Taylor, claimed $5,000,000 in damages. The United States further avers that it issued a determination letter for the claim submitted for Minnie Taylor, individually and on behalf of the Estate of Louie Taylor on July 12, 2021. The United States lacks information to respond to the allegations concerning the submission of an administrative claim by Harold Cuthair. The United States avers that it issued a determination letter for the claim submitted for Harold Cuthair on October 22, 2021. The remaining allegations in paragraph 9 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

# PARTIES

10. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 and therefore denies the same.

11. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 and therefore denies the same.

12. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 and therefore denies the same.

13. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 and therefore denies the same.

14. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 and therefore denies the same.

15. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 and therefore denies the same.

16. In response to the allegations contained in paragraph 16 of the Complaint, the United States admits that the Navajo Nation is a federally recognized Indian Tribe. The United States avers that the Bureau of Indian Affairs has entered into Indian Self-Determination and Education Assistance Act contracts with the Navajo Nation for Patrol Services and Adult Detention Services. The United States further avers that the contracts speak for themselves.

17. In response to the allegations contained in paragraph 17 of the Complaint, the United States admits that the Bureau of Indian Affairs is a bureau of the Department of the Interior of the United States of America, providing law enforcement and detention services in Indian Country through its own personnel. The United States avers that the Bureau of Indian Affairs also enters into Indian Self-Determination and Education Assistance Act contracts with Indian Tribes

and that such Indian Tribes provide law enforcement and detention services in Indian Country pursuant to such contracts. The United States further avers that the contracts speak for themselves.

18. The allegations contained in paragraph 18 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

## VENUE

19. The United States admits the allegations contained in paragraph 19 of the Complaint.

## FACTS OF THE OCCURRENCE

20. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 and therefore denies the same.

21. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 and therefore denies the same.

22. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 and therefore denies the same.

23. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 and therefore denies the same.

24. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 and therefore denies the same.

25. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 and therefore denies the same.

26. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 and therefore denies the same.

27. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 and therefore denies the same.

28. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 and therefore denies the same.

29. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 and therefore denies the same.

30. The United States lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 and therefore denies the same.

31. The United States denies the allegations contained in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

33. The United States denies the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

35. The allegations contained in paragraph 35 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

36. The allegations contained in paragraph 36 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States avers

that the Bureau of Indian Affairs entered into Indian Self-Determination and Education Assistance Act contracts with the Navajo Nation for law enforcement and detention services. The United States further avers that the contracts speak for themselves.

37. The United States denies the allegations contained in paragraph 37 of the Complaint.

38. The United States denies the allegations contained in paragraph 38 of the Complaint.

39. The United States denies the allegations contained in paragraph 39 of the Complaint.

## **COUNT I – NEGLIGENCE**

40. Paragraph 40 of the Complaint is an incorporation by reference of the preceding numbered paragraphs of the Complaint. As its answer to this paragraph, the United States restates and incorporates by reference its answers as set forth in the preceding paragraphs.

41. The United States denies the allegations contained in paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

43. The United States denies the allegations contained in paragraph 43 of the Complaint.

44. The allegations contained in paragraph 44 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

45. The allegations contained in paragraph 45 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

46. The allegations contained in paragraph 46 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

**COUNT II – NEGLIGENT TRAINING, ADMINISTRATION AND SUPERVISION**

47. Paragraph 47 of the Complaint is an incorporation by reference of the preceding numbered paragraphs of the Complaint. As its answer to this paragraph, the United States restates and incorporates by reference its answers as set forth in the preceding paragraphs.

48. The allegations contained in paragraph 48 of the Complaint pertain to a claim dismissed by the Court to which no response is required. To the extent a response is required, the United States denies the same.

49. The allegations contained in paragraph 49 of the Complaint pertain to a claim dismissed by the Court to which no response is required. To the extent a response is required, the United States denies the same.

50. The allegations contained in paragraph 50 of the Complaint pertain to a claim dismissed by the Court to which no response is required. To the extent a response is required, the United States denies the same.

51. The allegations contained in paragraph 51 of the Complaint pertain to a claim dismissed by the Court to which no response is required. To the extent a response is required, the United States denies the same.

52. The allegations contained in paragraph 52 of the Complaint pertain to a claim dismissed by the Court to which no response is required. To the extent a response is required, the United States denies the same.

### COUNT III – LOSS OF CHANCE

53. Paragraph 53 of the Complaint is an adoption and incorporation of the preceding numbered paragraphs of the Complaint. As its answer to this paragraph, the United States restates and incorporates by reference its answers as set forth in the preceding paragraphs.

54. The allegations contained in paragraph 54 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

### COUNT IV – LOSS OF CONSORTIUM

55. Paragraph 55 of the Complaint is an adoption and incorporation of the preceding numbered paragraphs of the Complaint. As its answer to this paragraph, the United States restates and incorporates by reference its answers as set forth in the preceding paragraphs.

56. The allegations contained in paragraph 56 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

### DAMAGES

57. Paragraph 57 of the Complaint is an adoption and incorporation of the preceding numbered paragraphs of the Complaint. As its answer to this paragraph, the United States restates and incorporates by reference its answers as set forth in the preceding paragraphs.

58. The allegations contained in paragraph 58 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the same.

The final, unnumbered WHEREFORE paragraph contains a prayer for relief to which no response is required. To the extent a response is required, Defendant denies the same.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

The United States hereby sets forth the following defenses to Plaintiffs' Complaint.

1. The United States denies all allegations of the Complaint, including prayers for relief, not expressly admitted in the Answer.

2. The Court lacks jurisdiction over the subject matter over some or all claims in this action.

3. The Complaint fails to state a claim or any claim upon which relief can be granted.

4. To the extent Plaintiffs seek a jury trial, any action against the United States pursuant to 28 U.S.C. § 1346 shall be tried by the court without a jury.

5. The alleged injuries, damages, and losses, if any, were not proximately caused by the negligence of any employee of the United States acting within the scope and course of his or her employment.

6. The United States, through its employees and agents, acted with due care and diligence at all relevant times.

7. Plaintiffs' claims are barred to the extent based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.

8. Plaintiffs' recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

9. Plaintiffs' recovery, if any, is limited to the amount of damages listed in a timely administrative claim properly presented to the Department of Interior, and their claim is limited to the circumstances and events provided in the same.

10. The alleged injuries, damages, and losses, if any, were solely and proximately caused by the negligence, carelessness, or recklessness of Louie Taylor, thereby barring recovery.

11. Plaintiffs' recovery, if any, may be diminished or barred by the comparative fault of Louie Taylor and/or the fault of other defendants or of non-parties.

12. Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiffs cannot recover attorney's fees.

13. Pursuant to 28 U.S.C. § 2674, Plaintiffs are prohibited from recovering any amount of pre-judgment interest or punitive damages against Defendant.

14. The United States may have further and additional defenses which are not yet known but which may become known through future discovery. The United States asserts herein each and every affirmative defense as may be ascertained through future discovery, including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the United States requests that Plaintiffs' Complaint be dismissed, that Plaintiffs be denied any and all relief, that the United States be awarded its costs incurred in defending this action, and that the United States be granted such other further relief as the Court deems appropriate.

Respectfully submitted,

FRED J. FEDERICI
United States Attorney

*/s/ Christine H. Lyman 1/3/2022*
CHRISTINE H. LYMAN
Assistant United States Attorney
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103
505-346-1532
Christine.Lyman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2022, Defendant United States filed through the United States District Court CM/ECF System the foregoing document, causing it to be served by electronic means on all counsel of record.

*/s/ Christine H. Lyman 1/3/2022*
CHRISTINE H. LYMAN
Assistant United States Attorney