RECEIVED NOV 17 1992
WINDOW ROCK DISTRICT

# IN THE DISTRICT COURT OF THE NAVAJO NATION

## WINDOW ROCK, ARIZONA

In Re the Application of: )
)
Calvin Silver, et.al., ) No. WR-CV-235-92
)
    Petitioners, ) CONSENT DECREE
)
    and Concerning, )
)
Charles Pahe, et.al., )
)
    Respondents. )
)

    This matter has come before the Court for a regularly scheduled hearing on November 17, 1992, and the Petitioners and Respondents have appeared by counsel and have asked the Court to approve a comprehensive Settlement Agreement as set forth herein. The Court has been advised of the factual premises of this agreement, and of the respective legal positions of the parties, and has been otherwise advised of the mutual advantages of the entry of a Consent Decree on the terms set forth herein. THE COURT FINDS that the entry of this Decree is in the best interests of the Petitioner class members and the Navajo Nation.

    It is therefore ORDERED that:

    1. The Court shall retain jurisdiction in this case until such time as all requirements of this agreement are fully implemented, and satisfactory and sustained compliance has been demonstrated by Respondents in all substantive areas. At that time Respondents may move the Court to dismiss the action in

district's jail by January 15, 1993.

   i. Documented training on use of fire extinguishers and fire alarms must be provided every six months beginning January 1, 1993. All new detention personnel must be trained within 10 days of their initial hiring date.

V. Health Care: Parties will continue to consult with IHS, tribal and independent authorities for further definition and guidance on this section through December 31, 1992. The results of these consultations will be submitted to the Court in the form of a supplemental consent decree.

   a. All Detention Officers and Jail Personnel must honor and act in a timely fashion upon legitimate requests for medical, dental, or psychological care by taking the prisoner to the proper health professional.

   b. Preliminary medical screenings of incoming prisoners must be conducted prior to their placement in the general prison population. If necessary, sick prisoners must be separated from other prisoners.

   c. A uniform written plan must be implemented regarding preliminary, psychiatric, routine and emergency health care matters by December 1, 1993. At a minimum this plan should include standards on:

      1. Receiving/Screening
      2. Health appraisal date collection ("sick call")
      3. Non-Emergency medical and dental services
      4. Decision on emergency nature of illness injury and provision of care
      5. First aid and CPR
      6. Notification of Next of Kin for illness, injury, or death
      7. Provision of chronic care
      8. Provision of personal hygiene and exercise
      9. Screening referral care of mentally ill and retarded prisoners
      10. Detoxification procedures
      11. Delousing procedures
      12. Pharmaceuticals
      13. Provision of care for pregnant women
      14. Procedures for infectious and transmittable diseases.

   d. All Detention Officers and Jail Personnel must be trained in basic medical procedures, transmittable diseases, and infectious diseases such as HIV and hepatitis by June 1, 1993.

Exhibit E
U.S. (Taylor) 001344

James R. Bellis, Attorney
Kathleen Bowman, Attorney
Arita M. Yazzie, Advocate
NAVAJO NATION DEPARTMENT OF JUSTICE
Post Office Drawer 2010
Window Rock, Arizona 86515
Telephone: 602/871-6348

IN THE DISTRICT COURT OF THE NAVAJO NATION
WINDOW ROCK, ARIZONA

In Re the Application of: )
)
Calvin Silver, et al., ) No. WR-CV-235-92
)
    Petitioners, ) SUBMISSION OF WRITTEN
) POLICY FOR ACCESS TO
) MEDICAL CARE PURSUANT
    and Concerning, ) TO CONSENT DECREE
)
Charles Pahe, et al., )
)
    Respondents. )
_____)

COME NOW, the Respondents, by and through counsel, and notify the Court that, pursuant to Section XI (b) of the Court's Consent Decree of November 17, 1992, Respondents are on this day filing with the Court written guidelines for access to medical care in the jails. See Exhibit A "How To Get Medical Help." Exhibit B is the actual "Request for Medical Attention" which will be filled out by prisoners.

The "Request for Medical Attention" form and the Guidelines are designed to inform each prisoner of his or her right to medical care, and to inform each prisoner of how he or she may obtain that care. Because medical information on each prisoner is crucial to providing health care, the form also gives prisoners the opportunity to inspect their medical screening

forms (filled out on arrival at the facility) and to make any changes to the screening forms that are necessary.[1]

The "How To Get Medical Help" form also gives specific information about how to make a request for medical help, and gives two examples of how a request should be made. The Respondents are aware of ongoing communication problems with prisoners based on the fact that for many prisoners, English is a second language. Respondents have tried to use very simple English words on these forms in order to help more prisoners understand how to ask for medical help.

Detention Officers are required to assist prisoners in filling out the request form. It is hoped that this process of filling out the form with the prisoner will bring more facts to light, and will give Detention Officers an idea of what the real problem is. At the bottom of the form, the prisoner is required to attest to the fact that he or she is making the request for a legitimate reason. Experience shows us that many requests for medical attention are the result of boredom and this requirement should help cull out legitimate requests from those that are

---

[1] It should be noted that some prisoners are unwilling or unable to assist Detention Officers with filling out initial screening forms when they are first brought to a Navajo Nation Detention Facility. The most prevalent cause for this lack of cooperation is the fact that many prisoners are intoxicated at the time of first arrival, and are thus unable to fill out forms on arrival. The second most prevalent cause is the fact that many prisoners are belligerent or disoriented after the initial arrest, and need cooling off time before they are able to assist Detention Officers with filling out forms. Detention Officers attempt to fill in missing information within the next 48 hours after a prisoner is first incarcerated.

THE NAVAJO NATION
DEPARTMENT OF JUSTICE
Window Rock, AZ 86515

Exhibit E
U.S. (Taylor) 001355