IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MINNIE TAYLOR, Individually and
as Personal Representative of
the ESTATE OF LOUIE TAYLOR,
and HAROLD CUTHAIR,

        Plaintiffs,

 vs.             Case No.
                    21-cv-00613-GJF-JFR
THE UNITED STATES OF AMERICA,

        Defendant.


**DEPOSITION OF CAMERON K. LINDSAY**
March 23, 2022
8:30 a.m.
via videoteleconference


PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, this deposition was:

TAKEN BY: MS. CHRISTINE H. LYMAN
     Attorney for the Defendant


REPORTED BY: MABEL JIN CHIN, NM CCR #81
     Bean & Associates, Inc.
     Professional Court Reporting Service
     201 Third Street Northwest, Suite 1630
     Albuquerque, New Mexico 87102

(6378N) MC

Exhibit F

130

1  that the jail had to follow, but from my perspective
2  they did not. So, again, this is not immunization
3  just because you have this. You have to follow it,
4  and that's --
5      MS. LYMAN: Sorry to interrupt, but did we
6  lose Forrest again?
7      THE WITNESS: I beg your pardon?
8      MS. LYMAN: Forrest just dropped off my
9  screen.
10     THE WITNESS: Oh, shoot.
11     (A recess was taken from 11:42 a.m.
12     through 12:04 a.m.)
13  Q. (By Ms. Lyman) Mr. Lindsay, I think before
14  we had the break we were starting to get into some of
15  these standards that you opined have been breached in
16  this case. I wanted to start with the BIA Corrections
17  Handbook, which I believe you were citing here in
18  paragraph -- starting on paragraph 83 of your report?
19  A. 83. Okay.
20  Q. You would agree that the BIA Corrections
21  Handbook is one of the standards that apply to the
22  Shiprock jail; correct?
23  A. Correct.
24  Q. I wanted to turn to paragraph 86. You
25  referenced Section C 2-20-02 of the Corrections

131

1  Handbook. And it states, and I believe that you're
2  quoting from this section, "If an inmate meets any of
3  the issues noted in 6 of the Arrestee Medial Clearance
4  Form, they will not be booked into the facility until
5  they have been medically screened and cleared by a
6  medical healthcare provider." Do you recall what
7  those issues were on that form?
8  A. Um -- not specifically.
9  Q. Paragraph 87, from the same -- quoting from
10 the same section, states "The admission/booking
11 officer will not admit/book any arrestee into the
12 facility who has been deemed extremely intoxicated
13 without medical clearance."
14     And then it also states, quote, "detention
15 staff should use sound judgment for any" -- I'm sorry,
16 I should share my screen. Let me back up. It also
17 states "detention staff should use sound judgment for
18 any other issues that may preclude an arrestee from
19 being booked." And let me go ahead and share my
20 screen there.
21     Did I read that correctly.
22 A. Yes.
23 Q. Okay. Now, I wanted to ask you about this
24 paragraph 87. My reading of this section is that the
25 medical clearance requirement is only triggered if an

132

1  inmate has been deemed extremely intoxicated; is that
2  correct?
3  A. Well, that's what it says here for C2-20-02,
4  yes.
5  Q. Okay. In your experience, how -- are there
6  set criteria or is there some way to delineate between
7  when somebody is moderately intoxicated or mildly
8  intoxicated or extremely intoxicated?
9  A. Not really, other than someone just trying
10 to make an individual judgment, so that's why it's
11 important to just have a rule, a fail-safe that if
12 someone is under the influence or if they're having a
13 psychotic break or if they appear to be under the
14 influence of drugs, they must have a medical
15 clearance.
16 Q. So, are you saying that -- is it your
17 opinion that this rule is -- I guess --
18     Do you have a problem with Rule C2-20-02?
19 A. Do I have a problem with it? Not so much
20 because -- I mean, I guess you're asking me, does --
21 should it be more specific, should it say something
22 more than just extremely intoxicated. Well, I might
23 have an issue with that but, you know, the same issue
24 is covered in paragraph 90 in the law enforcement
25 handbook, that last sentence.

133

1  Q. Okay. Can you read to me that last sentence
2  and tell me how you think that that covers what we're
3  talking about?
4  A. Well, "sick, injured, or extremely
5  intoxicated prisoners shall be provided medical
6  treatment." From my perspective, Mr. Taylor was
7  extremely intoxicated. It doesn't say specifically
8  alcohol here. So from my perspective, it's covered.
9  I mean, his behavior would be covered under that.
10 Q. But you said that you would have to make an
11 individual judgment to determine whether somebody is
12 extremely intoxicated; correct?
13 A. No, just if they are intoxicated. If the
14 person believes that -- if the staff member believes
15 that they are under the influence, you have to have
16 that medical clearance. They should not be accepted
17 without it.
18 Q. So are you saying that they should have
19 followed a different rule in this case? Because the
20 rule says extremely intoxicated.
21 A. From my perspective he was extremely
22 intoxicated. It killed him, so he might have been
23 extremely intoxicated.
24 Q. Well, the rule here in paragraph 87 speaks
25 to an arrestee who has been deemed extremely

production@litsupport.com    Bean & Associates, Inc. 201 Third Street NW, Ste. 1630, Albuquerque New Mexico 87102    505.843.9494

Exhibit F