# EXPERT REPORT of

# CAMERON K. LINDSAY

In

*Minnie Taylor, individually and as Personal Representative of the Estate of Louie Taylor and Harold Cuthair vs. The United States of America*

IN THE UNITED STATES COURT IN AND FOR THE DISTRICT OF NEW MEXICO

Case 1:21-CV-00613

January 26, 2022

Exhibit H

147. Correctional Officer Lauing-Simms, the officer that performed the intake of Louie Taylor, said that she believed Mr. Taylor was under the influence of a controlled substance when he was brought into the jail on the evening of February 29, 2020, as she reported to investigating officers that Taylor reported aliens were trying to get him.

148. Lauing-Simms said in her statement to IAD investigators, "I don't waste my time forcing them (inmates, under the influence of meth), especially if someone's on that drug. I have with-like a smell, there's a smell to it. It's a little, little strong when he was talking towards me. I kind of smelled it off his breath. Um, the part where he's pacing back and forth, if they're seeing stuff."

**Conclusion:**

149. The death of Louie Taylor from a drug overdose was foreseeable. As a result of the actions or inactions of the law enforcement and correctional officers who arrested and detained him, Mr. Taylor died of acute methamphetamine toxicity.

150. The Navajo Nation Division of Public Safety and the Navajo Nation Department of Corrections had a duty to train and oversight their respective law enforcement and detention officers on the dangers of illicit drugs, and the potential for inmate deaths if not properly over sighted.

151. Although they had a duty to provide adequate medical care to Taylor, by arresting Mr. Taylor, the officers of the Navajo Nation Division of Public Safety actively prevented him from obtaining proper and immediate medical treatment, and failed to render proper medical care by not transporting him to a medical facility; instead, Mr. Taylor was transported to the Shiprock Jail where he later died of a drug overdose.

152. Lauing-Simms went on to state, "To me is (sic) smells like a very strong scent of, like, um…like, a sour smell. I can't really, can't talk about that. Yeah (sic). Sour smell, very strong and it burned your nostril-nose." Officer Lauing-Simms also stated to investigators, "I know he was on something. In other words, he was tripping out."

153. It's abundantly clear from these statements that Lauing-Simms believed Mr. Taylor to be under the influence of methamphetamine, yet accepted him into the facility and furthermore failed to complete an appropriate medical intake screening process on him.

154. Lauing-Simms further stated that Mr. Taylor did not appear to be under the influence of alcohol and "indicated on the form that Taylor appeared to be under the influence of drugs and indicated he had glassy eyes and was nervous."

155. Nevertheless, as the internal investigation into the death of Mr. Taylor stated, "It was noted that the Medical Screening portion of the form was not filled out by CO Lauing-Simms and he (Taylor) was to be accepted into the facility."

Exhibit H

Taylor to the Shiprock facility, where he should never have been admitted. In doing so, NNPS and NNDC employees failed to provide Mr. Louie Taylor with medical treatment subsequent to his "arrest" which he desperately needed.

==All opinions are rendered to a reasonable degree of professional certainty.== I reserve the right to modify, alter, and change said opinions as new facts or other materials become available. I have been compensated $300 per hour for expert services in this matter. My fee schedule is attached hereto.

*[signature]*

Cameron K. Lindsay
Dated: January 26, 2022