IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MINNIE TAYLOR, Individually and as
Personal Representative of the ESTATE OF
LOUIE TAYLOR, and HAROLD CUTHAIR,

        Plaintiffs,

v.                                                                       No. 21-cv-00613-GJF-JFR

THE UNITED STATES OF AMERICA,

        Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS THE LOSS OF CHANCE CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION**

Tellingly, Plaintiffs' Response to Defendant's Motion to Dismiss Loss of Chance Claim for Lack of Subject Matter Jurisdiction (Doc. 78) does not cite a single case from the New Mexico Supreme Court or Court of Appeals that explicitly recognizes a loss of chance claim against a non-medical provider.[1] In the only loss of chance decision that did not involve a medical provider, *Zia Trust, Inc. v. Aragon*, 2011-NMCA076, 258 P.3d 1146, the New Mexico Court of Appeals refused to explicitly recognize a loss of chance claim against a hit-and-run driver. *See id*. at 1148 ("If a claim for lost chance of survival is recognized in this context, *an issue we do not decide*, Plaintiff would be required to establish through a medical expert that Defendant's failure to initiate emergency response caused the loss of chance of survival." (emphasis added)).

---

[1] Plaintiffs cite a Montana decision, *Christofferson v. City of Great Falls*, 2003-MT-189, 74 P.3d 1021 (2003), involving a negligence claim against a 911 dispatcher to support their argument that loss of chance does not need to involve medical negligence. However, the only discussion in *Christofferson* about loss of chance is in the *dissent*, which noted that "since a loss of chance instruction was not presented for review on appeal and is not included in the record of this case, that type of instruction is not at issue here." *Id*. at 1036 (Nelson, J., dissenting). In any event, the law of New Mexico is the only applicable law in this FTCA case. *See Rayonier Inc. v. United States*, 352 U.S. 315, 319 (1957). Decisions outside of New Mexico are irrelevant.

Given that this case presents an issue of first impression, the Court must "predict how the state's highest court would interpret the issue." *Nelson v. United States*, 827 F.3d 927, 930 (10th Cir. 2016). While it is true that the New Mexico Supreme Court has not explicitly held that loss of chance is limited to the medical negligence context, the sole New Mexico Supreme Court decision on point—*Alberts v. Schultz*, 1999-NMSC-015, 975 P.2d 1279—did not indicate that loss of chance is a species of garden-variety negligence. Rather, *Alberts* sets forth the principle that loss of chance is a species of a particular type of negligence claim: medical malpractice. *See id*. at 1284 (noting that "[l]oss of chance differs from other medical malpractice actions only in the nature of the harm for which relief is sought" (italics omitted)); *see also id*. at 1282 (explaining that "[a] claim for loss of chance is predicated upon the negligent denial by a healthcare provider of the most effective therapy for a patient's presenting medical problem"). And this is not a medical malpractice case.

Plaintiffs appear to find great significance in the placement of the loss of chance jury instruction in the "Tort Law – Negligence" chapter of the New Mexico Uniform Jury Instructions rather than the "Medical Negligence" chapter. *See* NMRA, Civ. UJI 13-1635. In predicting how a state's highest court would interpret state law, the Tenth Circuit has noted that "[p]attern jury instructions may be helpful and persuasive if they accurately reflect applicable law but do not themselves have the force of law." *Romero v. Helmerich & Payne Int'l Drilling Co.*, 768 F. App'x 838, 841 (10th Cir. 2019). However, Plaintiffs cite no authority for the proposition that placement of a jury instruction in a particular chapter has any persuasive power or predictive value. Indeed, the New Mexico Court of Appeals cited UJI 13-1635 in *Zia Trust* yet still refused to explicitly recognize a loss of chance claim against a non-healthcare provider. 258 P.3d at 1151; *see also State v. Wilson*, 1994-NMSC-009, ¶ 5, 867 P.2d 1175, 1178 (noting that uniform jury instructions

2

are not binding on the Court of Appeals unless the Supreme Court has specifically addressed the validity of the instruction).

Plaintiffs also point to the committee commentary section, which notes that the New Mexico courts have not "specifically limited the loss of a chance" to the medical malpractice context. NMRA, Civ. UJI 13-1635 committee commentary. Of course, the committee commentary is "not binding authority." *State v. Dominguez*, 2014-NMCA-064, ¶ 17, 327 P.3d 1092, 1099. In any event, the issue is not whether the New Mexico courts have specifically limited the doctrine to that context but rather, whether there is any basis to predict that they would apply the doctrine outside that context. In the 23 years since *Alberts*, they have not. Accordingly, the Court should conclude that Plaintiffs cannot raise a loss of chance claim under New Mexico state law, and the United States has not waived its sovereign immunity as to this claim. *See Garling v. United States Env't Prot. Agency*, 849 F.3d 1289, 1299 (10th Cir. 2017).

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss the Loss of Chance Claim for Lack of Subject Matter Jurisdiction (Doc. 72).

Respectfully submitted,

FRED J. FEDERICI
United States Attorney

*/s/ Christine H. Lyman 5/18/2022*
CHRISTINE H. LYMAN
Assistant United States Attorney
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103
505-346-1532
Christine.Lyman@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 18, 2022, Defendant United States filed through the United States District Court CM/ECF System the foregoing document, causing it to be served by electronic means on all counsel of record.

                                                */s/ Christine H. Lyman 5/18/2022*
                                                CHRISTINE H. LYMAN
                                                Assistant United States Attorney